**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Jason S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 22-cv-50417 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Martin O'Malley, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons set forth below, Plaintiff's Motion for Attorney's Fees Pursuant to § 206(b)(1) [30] is denied in part and granted in part.

**BACKGROUND**

On June 29, 2023, this Court granted Plaintiff's motion for summary judgment and remanded the case for further consideration [25]. Subsequently, the Court granted the Defendant's unopposed motion for Equal Access to Justice Act (EAJA) fees and awarded Plaintiff $7,374.70 for attorney's fees and costs [27], [28], [29]. After prevailing on remand, Plaintiff filed a Motion for Attorney's Fees Pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b) (hereinafter § 406(b)), seeking to obtain the gross § 406(b) award by retaining the $7,374.70 in EAJA fees already awarded and receiving the net balance of $10,750.05 [30]. Plaintiff's motion indicates that the Commissioner neither supports nor opposes Plaintiff's request for attorney's fees. *See* [30] at p. 6.

**DISCUSSION**

Under § 406(b), a Court "[m]ay determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "This fee is payable out of, and not in addition to, the amount of [the] past due benefits." *Delores R. v. Saul*, No. 18 C 3711, 2021 WL 3179152, at *1 (N.D. Ill. June 30, 2021) (quoting 42 U.S.C. § 406(b)(1)(A)) (internal quotations omitted). Furthermore, "[f]ee awards may be made under both [EAJA and § 406(b)] prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 1822, 152 L. Ed. 2d 996 (2002) (quoting the EAJA's "Savings Provision") (internal quotations omitted).

---

[1] Martin O'Malley has been substituted for Andrew Saul. Fed. R. Civ. P. 25(d).

Plaintiff was entitled to $72,499.00 in past-due benefits following his award of benefits on remand [30], p.1. Accordingly, Plaintiff's counsel petitions the Court for a total of $18,124.75 under § 406(b), which constitutes 25 percent of the total of Plaintiff's past-due benefits. *Id*. Counsel seeks this amount in accordance with the fee agreement entered into between Plaintiff and Counsel. The Court finds this fee reasonable for representation of the Plaintiff based on counsels' extensive experience in social security representation and counsels' time log documenting their activities in the case. *See* [30]-3 and [30]-4. Their experience and efforts clearly resulted in a positive result for Plaintiff in the form of a fully favorable decision on remand.

There is an additional issue raised by Plaintiff's motion. In lieu of refunding the EAJA award to Plaintiff in accordance with *Gisbrecht* and the EAJA's Savings Provision, Plaintiff's counsel asks the Court to subtract the EAJA award amount from $18,124.75 and "[i]nstruct that the net balance of $10,750.05 be dispersed to counsel" [30], p. 6. This method is known as "netting." *See O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020). Although netting is not impermissible, the Seventh Circuit has stated that it is "[d]isfavored in light of the Savings Provision's language that anticipates an attorney-to-claimant refund." *O'Donnell*, 983 F.3d at 957 (internal quotations omitted); *see also Delores R.*, 2021 WL 3179152, at *2 ("This Court likewise exercises its discretion and declines to order the 'netting' method in this case.").

The Court declines to endorse the netting method in this case in light of the Seventh Circuit's disapproval of its use. Plaintiff's counsel is awarded $18,124.75 under 42 U.S.C. § 406(b), and from this amount counsel will refund to Plaintiff the $7,374.70 in EAJA fees previously awarded.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees Pursuant to 206(b)(1) [30] is denied in part and granted in part.

Date: 06/04/2024                                                ENTER:

*Margaret J. Schneider*
United States Magistrate Judge